1   JAMES SANCHEZ, City Attorney (SBN 116356)
    **SARI MYERS DIERKING, Senior Deputy City Attorney (SBN 226805)**
2   SDierking@cityofsacramento.org
    CITY OF SACRAMENTO
3   915 I Street, Room 4010
    Sacramento, CA  95814-2608
4   Telephone:  (916) 808-5346
    Telecopier:  (916) 808-7455
5

# FILED

OCT 0 7 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

6   Attorneys for the CITY OF SACRAMENTO,
    OFFICER K. CHAN and OFFICER G. DAHL
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  JEFFREY E. CONNER,                    Case No.:  2:10-CV-00608-JAM-AC

12                                        **ORDER ON DEFENDANTS'**
              Plaintiff,                  **MOTION FOR SUMMARY**
13                                        **JUDGMENT, OR IN THE**
                                          **ALTERNATIVE, PARTIAL**
14     vs.                                **SUMMARY JUDGMENT**

15  CITY OF SACRAMENTO,  et al.,

16            Defendants.

17

18       Defendants' Motion for Summary Judgment, or in the alternative, Partial Summary

19  Judgment came on regularly for hearing before this Court on September 25, 2013, at or about

20  9:30 a.m.  Plaintiff was represented by Ellen C. Dove of the Law Office of Ellen C. Dove.

21  Defendants were represented by Sari Myers Dierking of the Sacramento City Attorney's

22  Office.

23       After considering the moving, opposition, and reply papers, and the arguments of

24  counsel, the Court rules as follows:

25       1.  Plaintiff's Request for Judicial Notice is DENIED.

26       2.  Defendants' objections to the evidence submitted by Plaintiff are GRANTED.

27       3.  The City of Sacramento's Motion for Summary Judgment, or in the alternative,

28           Partial Summary Judgment on Plaintiff's section 1983 claim is GRANTED.

                                          1

4. The City of Sacramento, Officer Karl Chan, and Officer Gary Dahl's Motion for Summary Adjudication of Plaintiff's deliberate indifference to serious medical needs claim is GRANTED as to all Defendants.

5. On the City of Sacramento's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment on all remaining causes of action, the Court ruled as follows:

   a. The motion is GRANTED with respect to Plaintiff's state law claims of assault and battery, intentional/negligent infliction of emotional distress, and violation of California Civil Code section 52, as against the City only;

   b. The motion is DENIED with respect to Plaintiff's state law claims of negligence/reckless disregard against the City of Sacramento.

The Court explained the basis for its ruling on the record, a true and correct copy of which is attached hereto as Exhibit A.

IT IS SO ORDERED.

DATED: October 7, 2013

_____
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

Approved as to Form

DATED: October 3, 2013                          /s/ Ellen C. Dove
                                    _____
                                    **Ellen C. Dove**
                                    Attorney for JEFFREY E. CONNER

DATED: October 2, 2013              JAMES SANCHEZ,
                                    City Attorney

                            By:_____/s/ Sari Myers Dierking_____
                                    **SARI MYERS DIERKING**
                                    Senior Deputy City Attorney
                                    Attorneys for the CITY OF SACRAMENTO
                                    OFFICER KARL CHAN &
                                    OFFICER GARY DAHL

2

EXHIBIT "A"

1            IN THE UNITED STATES DISTRICT COURT

2           FOR THE EASTERN DISTRICT OF CALIFORNIA

3                      ---oOo---

4        BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

5

6    JEFFREY E. CONNER,

7          Plaintiff,

8    Vs.                        CASE NO. CIV. S-10-0608 JAM

9    CITY OF SACRAMENTO, ET AL.,

10         Defendants.

11    _____/

12

13

14

15                      ---oOo---

16

17              REPORTER'S TRANSCRIPT

18    RE:  HEARING ON MOTION FOR SUMMARY JUDGEMENT, OR IN

19         THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

20             WEDNESDAY, SEPTEMBER 25TH, 2013

21

22                      ---oOo---

23

24    Reported By:  CATHERINE E.F.BODENE, CSR. NO. 6926

25

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
                (916) 446-6360

```
 1                          APPEARANCES

 2                            ---oOo---

 3

 4     For the Plaintiff:

 5          LAW OFFICES OF ELLEN C. DOVE
            5325 Elkhorn Blvd., Suite 160
 6          Sacramento, California  95842

 7          BY:  ELLEN C. DOVE, Attorney At Law

 8

 9

10

11     For the Defendants:

12          CITY OF SACRAMENTO CITY ATTORNEY'S OFFICE
            915 I Street, 4th Floor
13          Sacramento, California  95814

14          BY:  SARI MYERS DIERKING, Attorney At Law

15

16

17

18                            ---oOo---

19

20

21

22

23

24

25
```

1

1                      SACRAMENTO, CALIFORNIA

2              TUESDAY, SEPTEMBER 25TH, 2013 - 9:30 A.M.

3                         ---o0o---

4             THE CLERK:  You may remain seated.

5          This court is now in session.

6          The Honorable John A. Mendez presiding.

7          THE CLERK:  Civil S-10-608, Conner versus City of

8  Sacramento, et al.

9          Counsel, state your appearances please.

10         MS. DOVE:  Ellen Dove for the plaintiff, Jeffrey

11  Conner.

12         THE COURT:  Good morning.

13         MS. DOVE:  Good morning, Your Honor.

14         MS. DIERKING:  Good morning, Your Honor.  Sari

15  Dierking for defendants.

16         THE COURT:  Okay.  This is on this morning as

17  defendants have brought a motion for summary judgment opposed

18  by the plaintiffs.  Reply briefs were filed along with a

19  number of other documents the court has received and

20  considered.

21         Miss Dove, let me start first, in your declaration,

22  which is document 33, you make reference to Exhibits H, I, J,

23  K and L, but you didn't submit them.

24         MS. DOVE:  Honestly, I don't know which ones they

25  were at this moment.

2

1          THE COURT:  Exhibit H is pages 1 and 2 of a report

2     from Officer Sallee.   Exhibit I --

3          MS. DOVE:  They weren't attached?

4          THE COURT:  Nope.

5          MS. DOVE:  Well, they should have been.

6          THE COURT:  Miss Dierking, you didn't get them

7     either?

8          MS. DIERKING:  No, Your Honor.

9          MS. DOVE:  I'm sorry.  I know I scanned them and

10    thought I had them.  I didn't bring the entire file to get

11    one of these documents which showed what was -- well, this

12    shows G -- up through G.

13         THE COURT:  Okay.  I just want to make it clear on

14    the record that those weren't received by the court or the

15    plaintiff -- I'm sorry -- defendants.  Defendants actually

16    indicated that in their objections.  So obviously I couldn't

17    consider those since I hadn't received them.

18         Miss Dierking, you also mentioned -- I didn't see it

19    at all -- but an Exhibit F in your objections.  But I didn't

20    see any reference to an Exhibit F.

21         It's your objection -- let's see -- it's on page 13

22    of your objections.

23         MS. DIERKING:  Yes, Your Honor.  After reviewing the

24    plaintiff's opposition papers again, I didn't see a specific

25    reference to Exhibit F either so that was an error.

3

1          THE COURT:  Okay.

2          Then let me take up there were objections to the

3     Request for Judicial Notice that plaintiffs submitted and

4     objections to the declarations that were submitted.

5          The Request for Judicial Notice asked the court to

6     take judicial notice of a complaint and 12 claims that were

7     submitted by individuals to the City of Sacramento, as well

8     as the complaint that was filed with this court in another

9     matter that allegedly referenced those claims.  And defendant

10    has filed an opposition to Plaintiff's Request for Judicial

11    Notice.

12         A court may judicially notice only material that is

13    not subject to reasonable dispute because it conveys facts

14    which are generally known within its jurisdiction or can be

15    accurately and readily determined from sources that cannot be

16    reasonably questioned.  That's Federal Rule of Evidence 201.

17         The documents that plaintiff has asked this court to

18    notice contain allegations of fact and are subject -- clearly

19    subject to reasonable dispute.  They are not proper subjects

20    for judicial notice, and the court therefore denies

21    Plaintiff's Request for Judicial Notice.

22         MS. DOVE:  Your Honor, may I speak to that?

23         THE COURT:  You may after I'm done.

24         MS. DOVE:  Okay.

25         THE COURT:  And then on the objections to the

4

1  evidence submitted by plaintiff, in particular Mr. Conner's

2  declaration and Miss Dove's declaration, there were a number

3  of specific evidentiary objections raised to those

4  declarations.  In general, in reviewing summary judgment

5  motions, the court, on its own, can look at evidence and

6  determine whether it is admissible or not.

7       I understand why, Miss Dierking, you filed the

8  objections.  The objections are actually well-taken.  If we

9  were in trial, they would have been sustained and actually

10 will be sustained as part of the summary judgment motion.

11      The objections, most of them are based on either

12 hearsay, lack of personal knowledge, relevance or improper

13 character evidence.  The declarations contain a number of

14 inadmissible opinions and therefore are improperly made.

15      Again, I only consider relevant and admissible

16 evidence when I'm considering summary judgment motions.  So

17 therefore, with respect to those objections, they are

18 sustained as well.

19      Go ahead, Miss Dove, as to the Request for Judicial

20 Notice.  You wanted to make a statement?

21      MS. DOVE:  Yes, Your Honor.

22      I was not asking the court to take judicial notice

23 that the facts stated in those complaints were true.  I was

24 asking the court to be aware that because those claims were

25 made, it's, I believe, evidence that the City of Sacramento

5

1   is on notice that there's a problem or at least there seems

2   to be a problem.

3          And in order to demonstrate the practice you need to

4   have examples.  So I offered those as examples of a practice

5   about which people have complained.  Whether it is actual or

6   not, the practice has been complained about.  And second,

7   that because the city received those complaints and claims,

8   including for some of the same canines, you know, multiple

9   times, including this dog, I believe that that shows that the

10  city is aware that there's a pattern and practice about which

11  there's been multiple complaints.

12         I'm not --

13         THE COURT:  I understood that's why --

14         MS. DOVE:  I'm not offering it for the truth of

15  them.

16         THE COURT:  I understood, but the problem with that

17  argument and with that request is there is a huge part of

18  that missing, and that is are the complaints valid or not.

19         Anybody can file a complaint.  What is lacking is any

20  evidence that there is any validity to any of those

21  complaints.

22         Again, I can take judicial notice that complaints

23  were filed, but that's not relevant for purposes of this case

24  or the summary judgment motion.

25         The relevant issue is are these, in fact, valid

6

1    complaints, and was the city, in fact, on notice.  There is

2    no evidence of that.

3         Simply because you submitted complaints -- as I said,

4    anybody can pick up a phone or fill out a piece of paper and

5    file a complaint.  The question is are those valid

6    complaints, and there is no evidence of that.

7         So I understood why you were trying to submit them,

8    but that's what is missing from that piece of the puzzle.

9         MS. DOVE:  Did I need to have that trial be completed

10   successfully before I could say that there's evidence?

11        I mean, I'm not -- I don't think I need to prove

12   another case here for this case, but that's what you're

13   suggesting I should have done.

14        THE COURT:  I assume that was a rhetorical

15   question.

16        MS. DOVE:  I guess.

17        THE COURT:  All right.

18        Is there anything further that either side wants to

19   add that's not already in the briefs and in the papers

20   submitted to the court with respect to this summary judgment

21   motion?

22        Again, it is limited, Miss Dierking, right, the

23   city -- the claims against the city, and then the deliberate

24   indifference claim against the two police officers, right?

25        MS. DIERKING:  Yes, Your Honor.

7

1          THE COURT:  It doesn't address the excessive force

2     portion?

3          MS. DIERKING:  Exactly.

4          THE COURT:  Miss Dove, starting with you, anything

5     further you want to add with respect to this motion?

6          MS. DOVE:  No, Your Honor.  I think it is in there.

7          THE COURT:  And Miss Dierking, anything you want to

8     add?

9          MS. DIERKING:  Submitted, Your Honor.  Thank you.

10         THE COURT:  Okay.  All right.

11         With respect to the claims against the City of

12    Sacramento, the Monell case obviously controls.  These types

13    of claims, the government, in this case the city, cannot be

14    held liable for the acts of its employees under a respondeat

15    superior theory in a 1983 case.

16         The municipality cannot be held liable solely because

17    it employees a tortfeasor.  The local government unit itself

18    must cause the constitutional deprivation.  Because liability

19    of a local governmental unit must rest on its actions, not

20    the actions of its employees, a plaintiff must go beyond the

21    respondeat superior theory and demonstrate the alleged

22    constitutional violation was the product of a policy or

23    custom of the local government.

24         To maintain this Section 1983 claim against the city,

25    in this case Mr. Conner must establish the requisite

8

1    culpability, a policy or custom attributable to municipal

2    policymakers, and the requisite causation that the policy or

3    custom was the moving force behind the constitutional

4    deprivation.

5         Plaintiffs can establish policy or custom by showing,

6    first, either an express policy that, when enforced causes a

7    constitutional deprivation -- that's not the plaintiff's

8    theory in this case, there was no evidence of any express

9    policy -- second, a widespread practice that, although

10   authorized by written law or express municipal policy, is so

11   permanent and well settled as to constitute a custom or usage

12   with force of law; or third, the allegation or an allegation

13   that the constitutional injury was caused by a person with

14   policymaking authority.

15        The theory behind Mr. Conner's lawsuit against the

16   city is more along the lines of the second manner in which

17   plaintiff can try to establish policy or custom, this alleged

18   widespread practice.

19        The official policy must be the moving force of the

20   constitutional violation in order to establish liability of

21   the city in this case.  And the plaintiff must show that the

22   city's action was taken with the requisite degree of

23   culpability.

24        The plaintiff must demonstrate that the defendant's

25   policy was closely related to the ultimate injury and, at the

9

1    very least, there must be an affirmative link between the

2    policy and particular constitutional violation.

3            In this case the city has argued that it's entitled

4    to summary judgment on the 1983 claim in plaintiff's first

5    cause of action because the plaintiff has not and cannot

6    establish that there's a policy, practice or custom of the

7    city that caused the alleged violation of plaintiff's

8    constitutional rights.

9            The problem with the opposition to the motion for

10   summary judgment is that the opposition is primarily filled

11   with conclusory allegations and unsupported factual

12   contentions.

13           For example, in the opposition the plaintiff has

14   argued that, quote:

15           "The City of Sacramento has a policy of permitting

16           its K-9 handlers to allow their dogs to bite suspects

17           even when the individual is in custody and control

18           of police officers."

19           That's page 4 of the opposition.

20           This argument is not followed up with any citations

21   to evidence in the record.  It is an unsupported assertion

22   that the specific dog used against Mr. Conner has been

23   allowed to bite three defenseless men over the last few

24   years.

25           Plaintiff also has repeatedly referenced irrelevant

10

1   standards regarding pleadings and the standards applied at a

2   motion to dismiss phase.  For example, plaintiff has tried to

3   defend his claim by arguing in this circuit a claim of

4   municipal liability under Section 1983 is sufficient to

5   withstand a motion to dismiss even if the claim is based on

6   nothing more than a bare allegation that the individual

7   officers' conduct conformed to official policy, custom or

8   practice.  That's at page 2 of the opposition.

9         A bare allegation may suffice at a motion to dismiss

10  phase, but this isn't a motion to dismiss.  This is a motion

11  for summary judgment.  And there is a burden placed on

12  plaintiff at a summary judgment motion to come forward with

13  evidence and not bare allegations.

14        As I indicated at the outset, there are citations to

15  certain exhibits in the opposition which were not filed with

16  the court so obviously I could not consider those.

17        There is references to an alleged city policy that

18  the plaintiff claims Officer Dahl did not follow.  But again,

19  the alleged policy was never produced.  Even if the policy

20  was produced, plaintiff's arguments about Officer Dahl's

21  failure to follow the policy is not a basis in and of itself

22  for municipal liability.

23        Again, the alleged constitutional violation must have

24  been committed in accordance with the policy, or, in the

25  alternative, there must have been a widespread custom or

11

1   practice in the city condoning officers' failure to follow

2   the policy resulting in constitutional violations.

3           There was, I would note again for the record, an

4   allegation or at least an argument that Miss Dahl never

5   received policies from the city.  And as Ms. Dierking pointed

6   out in her reply, the policies that Miss Dahl -- or Miss Dove

7   sought -- I'm sorry -- from the city actually were offered to

8   Miss Dove but weren't pursued.

9           The city simply wanted Miss Dove to sign a

10  declaration -- an agreement with respect to the sealing and

11  confidentiality of those policies, and that was never

12  pursued.

13          MS. DOVE:  Your Honor, could I --

14          THE COURT:  That's Exhibit 19 to Miss Dierking's

15  supplemental declaration.  She's submitted to the court a

16  supplemental disclosure from July 2013, along with a proof of

17  service, which informed Miss Dove of Sacramento Police

18  Department General Orders regarding use of force, use of a

19  taser and use of canines.  It indicated the general orders

20  would be produced subject to a stipulated protective order.

21  And Miss Dierking's declaration indicated that plaintiff

22  never returned the form or contacted defendant's counsel

23  regarding the general orders.

24          For all those reasons, plaintiff's failure to meet

25  its burden, the court does grant the defendant's motion as to

12

1    the 1983 claims and grants judgment in favor of the City of

2    Sacramento against plaintiff with respect to the 1983 claims.

3          On the deliberate indifference claim, all defendants

4    are moving for summary judgment with respect to the

5    deliberate indifference to serious medical needs claim.

6          Plaintiff, in its opposition, submitted no evidence

7    or even identifiable argument regarding his claim that

8    pursuant to 1983 the city was deliberately indifferent to his

9    health and safety.

10          There's simply isn't anything that was submitted in

11    support of that claim as to the city.  Obviously, in the

12    absence of evidence, the deliberate indifference claim cannot

13    go forward against the city, and the court, again, grants

14    judgment in favor of the City of Sacramento with respect to

15    the deliberate indifference claim.

16          As to the deliberate indifference claim against the

17    individual police officers, plaintiff has based his claim on

18    the officers' alleged failure to provide immediate medical

19    treatment for the injury suffered by Mr. Conner.

20          In this case the evidence is undisputed, including

21    the tape the court had an opportunity to watch, indicates

22    that firefighters and paramedics were requested in a timely

23    fashion after the injury suffered by Mr. Conner.  And that,

24    in fact, medical support arrived on scene within five

25    minutes.

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
(916) 446-6360

13

1    Plaintiff was then transported -- plaintiff doesn't

2    dispute this at all -- transported by ambulance to the

3    hospital where he was evaluated and given medical treatment.

4    Mr. Conner has argued that even after the ambulance

5    arrived, he did not receive any medical treatment right away,

6    and he wasn't treated until, quote, "an unknown time after he

7    was taken to Sutter Hospital."

8    But Mr. Conner's claim is brought only against the

9    police officers.  It is not brought against the paramedics,

10   the ambulance company or anyone else.  And in focusing only

11   on what the police officers did the court finds, and the

12   evidence is undisputed, that the officers did provide medical

13   care immediately, they were not deliberately indifferent to

14   Mr. Conner's injuries.

15   Once the ambulance arrived, he was then in the care

16   and custody of the ambulance and the paramedics in the

17   ambulance, and any deficiency in the medical care provided by

18   those individuals does not support a claim against Officers

19   Chan and Dahl.

20   Plaintiff has argued that the treatment by the

21   officers after he was bitten and tased, including dragging

22   him out of the police car and hobbling his legs, is

23   sufficient support for a deliberate indifference to medical

24   need claim.

25   That conduct is not relevant to the reasonableness

14

1   standard applied to postarrest medical care, but that really

2   is an issue with respect to the plaintiff's excessive force

3   claim.

4          As soon as the officers in this case detained

5   plaintiff, medical treatment was immediately dispatched to

6   the scene.  The officers prompt summoning of the necessary

7   medical attention and their transfer of plaintiff once the

8   paramedics arrived does, in fact, meet the legal standard of

9   reasonableness applied to these situations.

10          The Tatum case is the case that's most directly on

11   point.  And therefore, for those reasons, the court again

12   grants defendant's motion for summary adjudication with

13   respect to Officers Dahl and Chan as to plaintiff's

14   deliberate indifference to medical need claim.

15          As for the remaining claims against the city,

16   plaintiff has clarified in his opposition that the claims

17   that are brought pursuant to the Bane Act, which is for

18   assault and battery, and the infliction of emotional distress

19   claim, have not been brought against the city, only against

20   the individual officers.

21          The court takes the plaintiff at his word, and

22   therefore those claims also will not go forward against the

23   City of Sacramento.

24          That leaves only the negligence or reckless disregard

25   against the city claim.  The city argues that, again, that

15

1  claim should be dismissed against the city for lack of

2  evidence.

3          Section 1983 does, as I indicated, provide that a

4  municipality may be held liable for a violation of federal

5  law only if the city has adopted an illegal or

6  unconstitutional policy.  But in the State of California, and

7  this is a state claim, California has rejected the Monell

8  rule and does instead impose liability on public entities

9  such as the city for state law causes of action under the

10  doctrine of respondeat superior.  That's the Knapps versus

11  City of Oakland case.

12          Therefore, a defendant city, and the city in this

13  case, may be held vicariously liable for any negligence its

14  officers committed in the course and scope of their

15  employment.

16          Plaintiff has alleged that the two officers who were

17  defendants in this case negligently and with reckless

18  disregard for the safety of Mr. Conner and his family

19  deployed the canine unit.  The defendant officers were

20  clearly acting in the scope of their duty, and therefore the

21  claim for negligence against the city under respondeat

22  superior theory is, in fact, a viable cause of action.

23          There is obviously a great deal of factual dispute as

24  to what occurred that evening, which goes both to the

25  excessive force claim and the negligence claim.  And given

16

1   that factual dispute, the court cannot and does not grant

2   summary adjudication for the city as to the final remaining

3   claim, the negligence/reckless disregard claim in the third

4   of cause of action.  So that claim will go forward as well.

5          Okay.  So that will be the court's decision.

6          Miss Dove, go ahead.

7          MS. DOVE:  I just wanted to say that I thought that

8   that stipulation and order was signed just for the record,

9   and I thought that was concluded with predecessor counsel.

10  But I don't think whether I had one of those or not would

11  have been dispositive of this particular case.

12         However, I certainly have not been requested to do or

13  sign one for the other cases that I have, but I will

14  certainly make sure now that that's not an excuse for them

15  not to disseminating their policies.

16         THE COURT:  Miss Dierking, anything you would like to

17  add for the record or any questions?

18         MS. DIERKING:  No.  Thank you, Your Honor.

19         THE COURT:  You may prepare an order that reflects

20  the court's decision.  Run it by Miss Dove for approval as to

21  form and then get it to the court, if you can, within the

22  next ten days.

23         Okay.  Anything further?

24         MS. DOVE:  No, Your Honor.  Thank you.

25         THE COURT:  Do we have any other dates set, Mr. Vine?

17

1          THE CLERK:  Pretrial November 1 and trial in

2     December.

3          THE COURT:  I'll see you on November 1st.

4          Okay.  Thank you.

5          MS. DOVE:  Your Honor --

6          THE COURT:  Yes.

7          MS. DOVE:  -- Mr. Conner is currently visiting in a

8     federal prison in North Carolina.  That's an event that's

9     unrelated to this.  And although that was a complication, the

10    event occurred long before, but the conviction by a plea

11    arrangement, which wasn't very good in my opinion, but I had

12    nothing to do with it, occurred after all of these events.

13    And so there's no expectation he will be released before

14    December unless the sentencing guidelines, which are being

15    reviewed by his request, come through.  Therefore, I will be

16    requesting an order for his transport here.

17         THE COURT:  Okay.  That's something we'll definitely

18    talk about at the pretrial conference.  We may move the trial

19    to accommodate if he is going to be released.

20         When is the trial set for, Mr. Vine?

21         THE CLERK:  December 9th.

22         THE COURT:  Okay.  We'll talk about it.

23         We'll resolve that at the pretrial conference.

24         MS. DOVE:  I just wanted to apprise you of it.

25         THE COURT:  Thank you very much.

18

1           (Whereupon, the matter was concluded.)

2                     ---oOo---

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
                (916) 446-6360

```
 1                    REPORTER'S CERTIFICATE

 2                         ---o0o---

 3
     STATE OF CALIFORNIA    )
 4   COUNTY OF SACRAMENTO  )

 5

 6
             I certify that the foregoing is a correct transcript
 7
     from the record of proceedings in the above-entitled matter.
 8

 9

10                  IN WITNESS WHEREOF, I subscribe this
     certificate at Sacramento, California.
11

12

13   /S/ Catherine E.F. Bodene
         CATHERINE E.F. BODENE, CSR NO. 6926
14       Official United States District Court Reporter

15

16

17

18

19

20

21

22

23

24

25
```

CATHERINE E.F. BODENE, OFFICIAL COURT REPORTER, USDC
(916) 446-6360