UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. CONNER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>        Defendants. | No. 2:10-cv-00608-JAM-AC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS** |

This matter is before the Court on Defendants City of Sacramento ("the City"), Officer Karl Chan, and Officer Gary Dahl's Bill of Costs (Doc. #131). Plaintiff Jeffrey E. Conner ("Plaintiff") filed objections (Doc. #132) to Defendants' bill of costs, and Defendants replied (Doc. #135).[1] For the following reasons, the Court overrules Plaintiff's objections to Defendants' bill of costs.

//

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 23, 2014.

1

1 //

## I. BACKGROUND

The facts are well known to the parties and therefore the following is only a brief summary. Plaintiff brought suit against Defendants for an incident with law enforcement on March 15, 2009 involving deployment of a police dog and Taser. After a jury trial, on May 9, 2014, judgment was entered in favor of Defendants against Plaintiff. After judgment was entered, Defendants submitted their bill of costs requesting $5467.45 in costs for fees associated with the service of a subpoena, witness fees, docket fees, and, most substantially, $5020.22 for fees associated with recorded transcripts.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). The costs a court may tax are listed in 28 U.S.C. § 1920 ("§1920").

If the court declines to award costs, it must "specify reasons" for denying costs. Id. (citing Subscription Television,

Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)).  However, it need not specify reasons for its decision to abide by the presumption and tax costs to the losing party.  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at 592-93).

### B.  Discussion

Plaintiff objects to nearly all of the items included in Defendants' bill of costs.  Plaintiff does so without providing the Court with a single citation to any legal authority.

#### 1.  Docket Fees

Plaintiff concedes that docket fees are chargeable but appears to object to the lack of an explanation for the $20 listed.  Pursuant to 28 U.S.C. § 1923(a), docket fees may be taxed as costs as "$20 on trial or final hearing . . . in civil . . . cases."  Accordingly, any objection to the item for docket fees in Defendants' bill of costs is overruled.

#### 2.  Subpoena Fee

Plaintiff argues the subpoena fee should not be allowed.  Plaintiff gives no reason for the objection.  Fees for service are allowable under Local Rule 292(f)(2) and §1920(1).  Accordingly, Plaintiff's objection is overruled.

#### 3.  Witness Fees

##### a.  Stephanie Sanders, Beth Finder Manning Harris & Thomas Stewart

Plaintiff objects to the witness fees charged for Stephanie Sanders ("Sanders"), Beth Finder Manning Harris ("Harris"), and Thomas Stewart ("Stewart") because they did not appear at trial.

3

1  Each of these witnesses was deposed and Plaintiff offers no
2  evidence or argument regarding the reasonableness of Defendants'
3  decision to depose them.  Section 1920(3) allows for fees for
4  witnesses to be taxed as costs.  "[A] witness in attendance at
5  any court . . . or before any person authorized to take his
6  deposition . . . shall be paid the fees and allowances" provided
7  for by 28 U.S.C. § 1821 ("§1821").  An attendance fee of $40 per
8  day for each day's attendance as well as a travel allowance for
9  mileage traveled are provided for in §1821.  Accordingly, the
10 Court overrules Plaintiff's objections to these witness fees.

           b.    <u>Ron Cloward</u>

12    Plaintiff objects to the witness fees associated with
13 Defendants' expert Ron Cloward ("Cloward").  Cloward testified on
14 two separate days and is therefore entitled to $40 for each day.
15 §1821(b).  Cloward is also entitled to his mileage associated
16 with testifying at trial.  §1821(c).  Once again, Plaintiff has
17 offered no reason why these costs are not reasonable or
18 appropriate.  Accordingly, Plaintiff's objections to these items
19 are overruled.

20    Plaintiff also objects to the lunch cost and parking expense
21 of Cloward.  These costs were not included in Defendants' bill of
22 costs.

           4.    <u>Deposition Transcripts</u>

24    Plaintiff objects to the fees associated with the
25 depositions of Sanders, Harris and Stewart.  Courts have held:

26     Deposition costs are taxable if they are reasonably
    necessary for trial.  "'Whether a transcript or
27     deposition is "necessary" must be determined in light
    of the facts known at the time the expense was
28     incurred. . . .'"

4

Ruff v. Cnty. of Kings, 700 F. Supp. 2d 1225, 1247 (E.D. Cal. 2010) (internal citations omitted).

Sanders was involved in the incident underlying Plaintiff's case and was identified by Plaintiff as a potential witness (Doc. #45, Exh. A). Harris and Stewart were identified as Plaintiff's expert witnesses (Doc. #45, Exh. A). The Court finds these depositions were reasonably necessary for trial and thus taxable to Plaintiff as the losing party as costs. Accordingly, Plaintiff's objections are overruled.

### 5. Trial Transcripts

Plaintiff "objects to the transcription of the daily transcripts." Section 1920(2) allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiff offers no reason why these costs should not be awarded. Accordingly, the objections are overruled.

### III. ORDER

For the reasons set forth above, the Court overrules Plaintiff's objections and GRANTS Defendants' costs. Total costs awarded are $5467.45.

IT IS SO ORDERED.

Dated: July 22, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5